**Gerald William MEANS, Plaintiff,**

v.

**Leonard MAHAROWSKI, Jr., and Cyril Laffey, Deputy Commissioner and Acting Commissioner of the Pennsylvania State Police, Defendants.**

**Civ. A. No. 84–2538.**

United States District Court,
W.D. Pennsylvania.

Feb. 11, 1985.

Charles C. Gentile, Uniontown, Pa., for plaintiff.

Jean O. Davin, Deputy Atty. Gen., Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION

MENCER, District Judge.

Plaintiff has instituted this action pursuant to 42 U.S.C. § 1983 alleging that he was deprived of rights, privileges and im-

munities guaranteed by the Constitution and the laws of the United States. We have jurisdiction over this action by virtue of 28 U.S.C. § 1343(3). Defendants have filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both sides have submitted briefs in support of their respective positions.

On or about August 29, 1984, a criminal complaint was signed by the defendant Maharowski, Jr., a Pennsylvania State Police Officer, charging the plaintiff with the crimes of rape and simple assault upon information received from Brenda Lee Price. The plaintiff was subsequently arrested on these criminal charges. At the time the incident occurred, the defendant Laffey was the Deputy Commissioner and the Acting Commissioner of the Pennsylvania State Police. Plaintiff alleges that both defendants were acting within the scope of their authority.

On or about September 7, 1984, a hearing was held before Magistrate Williams. At the conclusion of the alleged victim's testimony at the hearing, defendant Maharowski withdrew the rape charge and the simple assault charge was settled to the satisfaction of the parties.

■ The plaintiff in his brief has agreed that the action against Cyril Laffey, the then Acting Commissioner of the Pennsylvania State Police (now deceased), should be dismissed since the Complaint did not allege active participation by him in this case. In a section 1983 action, the doctrine of respondeat superior does not apply. Consequently, Laffey was not a proper defendant, and the Complaint will be dismissed as to him.

■ The standard to be applied by the court in a Motion to Dismiss is to liberally construe the Complaint in favor of the plaintiff and to take the material allegations of the Complaint as admitted. *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980). The Complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ Any section 1983 action must establish two essential elements: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). The first prong is clearly satisfied in this case. The complaint alleged that the defendant State Police Officer acted under color of statutory authority and acted within the scope of that authority.

Our inquiry must focus on the second element, whether the plaintiff's complaint established a violation of some right, privilege or immunity guaranteed under the Constitution or laws of the United States. The plaintiff has not alleged a violation under any section of or any amendment to the Constitution, nor has he alleged a violation of any law of the United States. He has merely alleged certain facts. From these facts we determined that he has alleged violations of state law by defendant Maharowski, such as false arrest, malicious prosecution, and defamation.

He has alleged, however, the fact that his arrest was without reasonable or probable cause. Since that allegation is taken as true for purposes of this motion, he has stated a deprivation of his rights under the Fourteenth Amendment. That amendment guarantees that no state shall "deprive any person of life, liberty, or property without due process of law...."

The plaintiff, having thus satisfied the second prong of the test for a section 1983 action by establishing that the conduct complained of deprived him of a right secured by the Constitution, must then establish that this violation occurred without due process of law.

Under the rule announced in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), even if there has been a

negligent property deprivation, plaintiff's due process rights have not been violated if the state provides a meaningful postdeprivation remedy and the deprivation did not occur as the result of an established state procedure. *Id.* at 541, 101 S.Ct. at 1916. The plaintiff here is not claiming an unconstitutional state procedure, but a deviation from that procedure resulting in a violation of his rights.

The Supreme Court in *Hudson v. Palmer*, 468 U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), extended the rule to include intentional deprivations of property. Some courts have reasoned that liberty interests also fall within the *Parratt* rule. In *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir.1981), the plaintiff alleged that his football coaches at the State University engaged in acts under color of state law that deprived him of rights, privileges or immunities secured by the Constitution. The Ninth Circuit assumed, for purposes of its opinion, that the assault and battery alleged by the plaintiff deprived him of liberty within the meaning of the Fourteenth Amendment. The court focused on whether this deprivation occurred without due process of law. *Parratt* had established that if there was no practical way to afford the plaintiff a predeprivation hearing, a postdeprivation hearing provided at a meaningful time and in a meaningful manner would satisfy due process requirements. The *Rutledge* court determined that the remedies available in the state courts, having already been pursued by the plaintiff and absent any suggestion that they were deficient, were sufficient such that the alleged deprivation was not without due process of law. We note, however, that there is no requirement that the available state remedies actually have been pursued by the plaintiff. The *Parratt* court relied on the mere existence of state tort procedures to find that due process requirements had been satisfied.

In *Barnier v. Szentmikolosi*, 565 F.Supp. 869 (E.D.Michigan, 1983), the court assumed, without deciding, that the plaintiffs' liberty interests had been implicated. The plaintiffs in *Barnier* brought a section 1983 action against the city, police department, and individual officers, alleging assault and battery, false arrest, malicious prosecution and deprivation of their due process, equal protection and eighth amendment rights in violation of federal statutory law. The court dismissed the federal statutory claims holding that since plaintiffs were provided adequate state tort remedies, they were not denied due process of law.

We may assume, as did the courts cited above, that the plaintiff's fourteenth amendment liberty interests were implicated here. The plaintiff has not, however, established that this deprivation occurred without due process of law. The process provided by the state to the plaintiff does comport with constitutional requirements. Since the plaintiff has available a number of tort remedies, including false arrest, malicious prosecution and defamation, and there has been no suggestion that the state tort remedies are in any way inadequate in this case, due process has been satisfied. Even if less relief was afforded to the plaintiff under state law than would be available to him under section 1983, it is sufficient so long as the state remedies are "adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917.

Therefore, even taking the material allegations of the Complaint as admitted, the plaintiff has failed to state a claim upon which relief may be granted.

An appropriate order will issue.